UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DAVID SGALAMBO, Individually and on Behalf
of All others Similarly Situated,,

                              Plaintiff,

   -against-

CRAIG MCKENZIE, LEIF SNETHUN,
MICHAEL E. COOLEN, GREGORY S. NOVAL
and LEIGH BILTON
                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

09 Civ. 10087 (SAS)(HBP)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY
ANTHONY PACCHIA FOR APPOINTMENT OF
<u>LEAD PLAINTIFF AND LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I. Preliminary Statement ..................................................................................................1

II. Statement of Facts .......................................................................................................1

III. Argument ....................................................................................................................2

    a. PACCIA SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .....2

        1. Paccia's Motion to Serve as Lead Plaintiff Is Timely .......................................3

        2. Paccia Is Believed to Have the Largest Financial Interest
           in the Relief Sought by the Class ......................................................................3

        3. Paccia Satisfies the Typicality and Adequacy Requirements of Rule 23 ..........5

           A. Paccia's Claims are Typical of the Claims of the Class ..............................5

           B. Paccia Will Fairly and Adequately Represent the Interests of the Class .....6

    b. THE COURT SHOULD APPROVE PACCIA'S
       CHOICE OF LEAD COUNSEL ............................................................................7

IV. Conclusion ..................................................................................................................7

# **TABLE OF AUTHORITIES**

Cases

*In re Centerline Holding Co. Sec. Lit.*
  Nos. 08 Civ. 505, 08 Civ. 1026, 08 Civ. 1158, 08 Civ. 1458, 08 Civ. 1593, 08 Civ. 1902, 2008 WL 1959799 (S.D.N.Y. May 5, 2008) ............................................................6

*In re Crayfish Company Sec. Lit.*
  No. 00 Civ. 6766, 2002 WL 1268013 (S.D.N.Y. June 6, 2002).......................................5

*In re e-Speed. Inc. Sec. Litig.*
  232 F.R.D. 85 (S.D.N.Y. 2005) .........................................................................................5

*In re Initial Public Offering Sec. Lit.*
  214 F.R.D. 117 (S.D.N.Y. 2002) .......................................................................................5

*In re Oxford Health Plans, Inc. Sec. Lit.*
  182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................................6

*In re Tronox Inc. Sec. Lit.*
  262 F.R.D. 338 (S.D.N.Y. 2009) .......................................................................................4

*Kops v. NVE Corp.*
  2006 WL 2035508 (D. Minn. July 19, 2006) ....................................................................4

*National Ass'n of Reg'l Med. Programs,Inc. v. Mathews*
  551 F.2d 340 (D.C. Cir. 1976), *cert. denied*, 97 S.Ct. 2674 (1977) .................................6

Statutes

15 U.S.C. § 78u-4(a)(3) .........................................................................................................2

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)...........................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..............................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..........................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)................................................................................2, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...............................................................................2, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(v) ...............................................................................................7

15 U.S.C. § 78u-4(e) ...................................................................................................................4

15 U.S.C. § 78u-4(e)(1) ..............................................................................................................4

15 U.S.C. § 78u-4(e)(2) ..............................................................................................................4

Fed. R. Civ. P. 23 ........................................................................................................................5

Fed. R. Civ. P. 23(a) ................................................................................................................5, 6

Private Securities Litigation Reform Act of 1995 ................................................... *in passim*

Securities Exchange Act of 1934 ................................................................................................1

Anthony Paccia ("Paccia"), by his undersigned counsel, respectfully submits this memorandum of law in support of his motion for: (a) appointment of Paccia as Lead Plaintiff in this class action; and (b) approval of Paccia's selection of Lead Counsel for the putative class. Paccia purchased publicly-traded common stock of Canadian Superior Energy, Inc. ("SNG") and suffered damages as a result of Defendants' alleged violations of the federal securities laws. At this time, Paccia believes that he has the largest loss as that term is defined in the Private Securities Litigation Reform Act.

## I.   PRELIMINARY STATEMENT

This is a class action brought pursuant to the Securities Exchange Act of 1934. This Court should appoint Paccia as Lead Plaintiff of the class because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), he is the "most adequate" to serve as Lead Plaintiff. In fact, Paccia satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. Paccia is believed to have the "largest financial interest" in the relief sought by the class, having suffered estimated losses of $393,627. Paccia's motion to be appointed Lead Plaintiff is timely and his claims against Defendants are typical of the claims of the other class members. Paccia's interest is aligned with the interests of members of the Class. Finally, Paccia has retained qualified counsel and will vigorously prosecute the action.

## II.   STATEMENT OF FACTS

This is a class action for damages on behalf of a class of purchasers of SNG stock during the period between January 14, 2008 and February 17, 2009, inclusive. (Compl. ¶14)[1] The complaint, filed by David Sgalambo, alleges that the defendants who were, at all relevant times,

---

[1] A copy of the Complaint is annexed as Exhibit 1 to the accompanying declaration of Lawrence P. Eagel. ("Eagel Decl.")

1

officers and directors of SNG made false and misleading statements to the marketplace that were intended to and did inflate the value of SNG securities causing damage to class members. (Compl. ¶¶ 30-60)  These misstatements, in the form of SEC filings and press releases, touted the future prospects of SNG's natural gas drilling program when defendants knew that the information they were providing was false or omitted material facts that rendered these statements misleading.  (Compl. ¶¶ 66-69)

The *Sgalambo* Complaint was filed on or about December 9, 2009.  The notice to the putative class was disseminated on the same day, notifying class members that the deadline for a motion to be appointed lead plaintiff was 60 days from December 9, 2009, or February 8, 2010.[2]  The certification filed by Mr. Sgalambo indicates that he has suffered only modest damages.

### III.   ARGUMENT

#### a.   PACCIA SHOULD BE APPONTED LEAD PLAINTIFF FOR THE CLASS

The PSLRA sets out the requirements for selection of a lead plaintiff to oversee class actions brought pursuant to the federal securities laws.  15 U.S.C. § 78u-4(a)(3).  There is a rebuttable presumption that the "most adequate plaintiff" to serve as lead plaintiff is the person who:

> (aa)   has either filed the complaint or made a motion in response to [aforementioned] notice. . . ;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class, and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of the Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[2]   A copy of the published PSLRA Notice is annexed as Exhibit 2 to the accompanying Eagel Decl.

2

As Paccia is the "most adequate" plaintiff, as defined by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii), he should be appointed as Lead Plaintiff for the class.

### 1. Paccia's Motion to Serve as Lead Plaintiff Is Timely

Within sixty days after the publication of a notice of a class action, any person or group of persons that is a member of the proposed class may move the Court to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, the notice of this class action was published on December 9, 2009. (*See* accompanying Declaration of Lawrence Eagel in Support of Pacchia's Motion for Appointment of Lead Plaintiff and Lead Counsel (Eagel Decl., Ex. B). Paccia is a member of the proposed class and he has timely moved for appointment as Lead Plaintiff in compliance with the PSLRA.[3] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Paccia therefore satisfies the PSLRA's initial requirement.

### 2. Paccia Is Believed to Have the Largest Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, this Court should next determine which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Although the PSLRA does not specify the manner in which the "largest financial interest" should be calculated, it provides that a plaintiff's damages in any securities fraud class action may not exceed:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

---

[3] The PSLRA does not require Paccia to have filed a complaint against Defendants. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa) (instructing that the most adequate plaintiff will have either filed the complaint or made a motion for appointment as lead plaintiff).

3

Alternatively, when a plaintiff continues to hold the security that is the subject of the action, damages may not exceed:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. § 78u-4(e)(1). *See Kops v. NVE Corp.,* 2006 WL 2035508, at *4 (D. Minn. July 19, 2006) (using 15 U.S.C. § 78u-4(e) to determine proposed lead plaintiffs' financial interests).

At this time, Paccia believes that he has the "largest financial interest" in the relief sought by the class. The chart attached as Exhibit 4 to the Eagel Declaration shows that Paccia has suffered estimated losses of $393,627. During the Class Period, in two separate accounts, Paccia purchased 169,032 shares of SNG at a cost of $469,954 (Pacchia Cert., Ex. A), and he still holds all of those shares. (*Id*.) As the PSLRA provides that the movant with the greatest financial interest is, in fact, *presumptively* the "most adequate" plaintiff to serve as Lead Plaintiff, Pacchia believes that he has satisfied the second requirement for appointment as Lead Plaintiff. *See In re Tronox Inc. Sec. Lit.,* 262 F.R.D. 338, 348 (S.D.N.Y. 2009).

### 3. Paccia Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to meeting the PSLRA's requisites set forth above, a lead plaintiff must also satisfy the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) The class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

For the purposes of appointing a lead plaintiff, however, a wide-ranging analysis under Fed. R. Civ. P. 23 is not appropriate at this stage of the litigation. *In re Initial Public Offering Sec. Lit.,* 214 F.R.D. 117, 121 (S.D.N.Y. 2002). All that is required is a "preliminary showing" that the proposed lead plaintiff will satisfy the requirements of typicality and adequacy. *In re Crayfish Company Sec. Lit.*, No. 00 Civ. 6766, 2002 WL 1268013, at *4 (S.D.N.Y June 6, 2002). As discussed below, Paccia satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), further supporting his appointment as Lead Plaintiff.

### A. Paccia's Claims Are Typical of the Claims of the Class

> Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.... The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy. (footnote omitted)

*In re e-Speed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

Paccia satisfies the typicality requirement of Fed. R. Civ. P. 23(a). Paccia's claims and the class's claims arise from damages sustained due to the same alleged course of conduct by Defendants, *i.e.*, the Defendants' misconduct during the Class Period. Further, Paccia and class members assert the same violations of federal securities laws and Paccia is unaware of any unique defenses that may be asserted against him. *See In re Centerline Holding Co. Sec Lit.*, Nos. 08 Civ. 505, 08 Civ. 1026, 08 Civ. 1158, 08 Civ. 1458, 08 Civ. 1593, 08 Civ.1902, 2008 WL 1959799, at *4 (S.D.N.Y. May 5, 2008).

### B. Paccia Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirement is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class, and when the proposed lead plaintiff has retained

qualified counsel.  *National Ass'n of Reg'l Med. Programs, Inc. v. Mathews,* 551 F.2d 340, 344-45 (D.C. Cir. 1976), *cert. denied*, 97 S.Ct. 2674 (1977).

Paccia's interests are aligned with – and certainly are not antagonistic to – the interests of the other class members.  Paccia is a victim of Defendants' alleged fraud and his "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise."  *In re Oxford Health Plans, Inc. Sec. Lit.,* 182 F.R.D. 42, 50 (S.D.N.Y. 1998).  He, like the other class members, was damaged as a result of Defendants' misconduct.  Due to his significant financial stake in the Actions, interest in prosecuting the Actions, and choice of proposed Lead Counsel, it is clear that Paccia will vigorously prosecute the claims against Defendants and protect the interests of the class.

  b. **THE COURT SHOULD APPROVE PACCIA'S CHOICE OF LEAD COUNSEL**

Pursuant to the PSLRA, the lead plaintiff is permitted, subject to the Court's approval, to select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v).  Paccia has selected and retained Bragar Wexler Eagel & Squire, P.C. ("BWES") to represent him and the putative class.  As set forth in Exhibit 5 to the Eagel Declaration, proposed Lead Counsel has extensive experience in the areas of securities litigation and other complex litigation.  In that regard, BWES's attorneys have been responsible for significant successful results on behalf of injured investors in numerous securities class action lawsuits, as well as legal decisions that enable litigation such as this to be successfully prosecuted.  Moreover, BWES's location in this district where this action is pending provides the additional advantage of lessening the burden on the class by eliminating the need for appointment of separate local counsel to assist in the prosecution of the action.

## IV.     CONCLUSION

For the foregoing reasons, Paccia respectfully requests that the Court: (1) grant his motion for appointment as Lead Plaintiff; and (e) approve his choice of BWES as Lead Counsel for the putative class.

Dated: February 8, 2010

>Respectfully submitted,
>
>BRAGAR WEXLER EAGEL &
>  SQUIRE, P.C.
>
>By:  _/s/ Lawrence P. Eagel_____
>     Lawrence P. Eagel (LE 4505)
>     Paul D. Wexler (PW 9340)
>     885 Third Avenue, Suite 3040
>     New York, NY 10022
>     Tel.: (212) 308-5858
>     Fax:  (212) 486-0462
>     E-mail: wexler@bragarwexler.com