UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SGALAMBO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>CRAIG MCKENZIE, LEIF SNETHUN, MICHAEL E. COOLEN, GREGORY S. NOVAL and LEIGH BILTON,<br><br>                    Defendants. | Civil Action No. 1:09-cv-10087-SAS<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GINO STRÖKER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of the common stock of Canadian Superior Energy Inc. ("Canadian Superior" or the "Company") between January 14, 2008 and February, 2009, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Proposed lead plaintiff Gino Ströker hereby moves this Court for an Order: (i) appointing him as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approving his selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Holzer Holzer & Fistel LLC ("Holzer") to serve as Co-Lead Counsel.

This motion is made on the grounds that Mr. Ströker, a resident of Belgium, is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in this Action, *see* Rosenfeld Decl. Ex. B,[1] and he otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Canadian Superior engages in the exploration for, acquisition, development, and production of petroleum and natural gas, and liquefied natural gas projects primarily in western Canada, offshore Nova Scotia, offshore Trinidad and Tobago, the United States, and North Africa.[2]

The Complaint charges certain of Canadian Superior's former executives with violations of the Exchange Act. The Complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. On August 16, 2007, Canadian Superior and Challenger Energy jointly issued a press release announcing that BG International Limited ("BG") entered into a farm-in agreement ("Farm-In Agreement") and joint operating agreement ("Joint Operating Agreement") with Canadian Superior to participate in the exploration, drilling, and development of the Intrepid Block 5(c) (the "Joint Venture").

---

[1]   References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in Support of Motion of Gino Ströker for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel, dated February 8, 2010, and submitted herewith.

[2]   Canadian Superior is not a named defendant as it had sought protection under Canadian bankruptcy and reorganization laws and has since reorganized.

Specifically, the Complaint alleges that defendants failed to disclose: (i) that the discovered reserves for Intrepid Block 5(c) were below the economic threshold for development; (ii) that Canadian Superior had notified BG of its intention to commence a corporate sale in November 2008 so that it could overcome the financial constraints that were preventing it from meeting its funding obligations under the Joint Operating Agreement; (iii) that Canadian Superior had violated the terms of the Joint Operating Agreement with BG, thus potentially endangering its interest in the Joint Venture; (iv) that Canadian Superior failed to timely pay Maersk, the drilling operator, and potentially other contractors, thereby jeopardizing the operation of the Joint Venture; and (v) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and earnings growth.

On February 12, 2009, Canadian Superior issued a press release announcing the "appointment, upon the application of BG of an interim Receiver of its participating interest in Intrepid Block 5(c). Pursuant to the Court Order, the Receiver, in conjunction with BG, will operate the property and conduct the flow testing of the Endeavour well which Canadian Superior believes will validate its operations to date." In response to this announcement, shares of the Company's stock fell $0.40 per share, or 44%, from a close of $0.90 per share on February 11, 2009, the last trading date before the announcement, to close at $0.50 per share, on extremely heavy trading volume.

On February 17, 2009, Canadian Superior announced that it had received a demand letter from the Canadian Western Bank for repayment of all amounts outstanding under Canadian Superior's $45 million credit facility with the bank by February 23, 2009. The Company also announced that it was in discussions with alternative lenders. In response to this announcement, shares of the Company's stock fell $0.16 per share, or 30%, from a close of $0.54 per share on

3

February 13, 2009, the last trading day before the announcement, to close at $0.38 per share, on extremely heavy trading volume.

### III. ARGUMENT

#### A. Mr. Ströker Should Be Appointed Lead Plaintiff

##### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on December 9, 2009. *See* Rosenfeld Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

        2.     **Mr. Ströker Satisfies the "Lead Plaintiff" Requirements of the PSLRA**

            a.     **Mr. Ströker Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 9, 2009), Mr. Ströker timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class by the February 8, 2010 deadline. Mr. Ströker has signed and filed a Certification stating that he is willing to serve as the representative party on behalf of the class. *See* Rosenfeld Decl. Ex. C. In addition, Mr. Ströker has selected and retained competent counsel to represent him and the class. *See* Rosenfeld Decl. Ex. D, E. Accordingly, Mr. Ströker is entitled to have his application for appointment as Lead Plaintiff and selection of Co-Lead Counsel considered and approved by the Court.

            b.     **Mr. Ströker Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, Mr. Ströker incurred a substantial $500,317 loss on his transactions in Canadian Superior securities made in reliance upon materially false and misleading statements and was injured thereby. Rosenfeld Decl. Ex. B, C. Mr. Ströker, thus, has a substantial financial interest in this case. Upon information and belief, Mr. Ströker possesses the largest financial interest of any movant seeking lead plaintiff status in the Action.

### c. Mr. Ströker Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and, (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *2 (S.D.N.Y. 2009) ("[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23."). Mr. Ströker satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220

F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

Mr. Ströker satisfies this requirement for the PSLRA claims because, just like all other class members, he: (1) invested in Canadian Superior during the Class Period; (2) made those investments in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Mr. Ströker's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Caiafa v. Sea Containers Ltd.*, 2006 WL 2381841, at *1 (S.D.N.Y. Aug. 14, 2006) (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form the same course of conduct that gives rise to the claims of the other class members'").

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Ströker to represent the class to the existence of any conflicts between the interests of Mr. Ströker and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Mr. Ströker is an adequate representative of the class. As evidenced by the injury suffered by Mr. Ströker based on materially false and misleading statements, his interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Ströker's interests and those of the other members of the class. Further, Mr. Ströker has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. As shown below, Mr. Ströker's proposed Co-Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. *See Caiafa*, 2006 WL 2381841, at *1 n.3 (appointing lead plaintiff that "has a sufficient interest in the outcome of the case to ensure vigorous advocacy" and "has also retained counsel that is qualified, experienced and generally able to conduct the litigation.").

Finally, the fact that Mr. Ströker is a foreign individual investor does not in any way affect his ability to serve as Lead Plaintiff. *See*, *e.g.*, *In re Goodyear Tire & Rubber Co. Secs. Litig.*, 2004 U.S. Dist. LEXIS 27043, at *24-25 (N.D. Ohio May 12, 2004) (appointing Austrian investor as lead plaintiff); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) (noting that "many courts, including this one, have approved foreign investors as lead plaintiffs in cases such as this.").

Accordingly, Mr. Ströker *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.     The Court Should Approve Mr. Ströker's Choice of Co-Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, Mr. Ströker has selected Coughlin Stoia and Holzer to serve as Co-Lead Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions in this

8

District and elsewhere. *See*, *e.g.*, *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Coughlin Stoia); *In re Orion Secs. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17-18 (S.D.N.Y. July 8, 2008) (same); *Brenner v. Future Graphics, LLC*, Civil Case No. 1:06-cv-0362-CAP (N.D. Ga.) (Holzer served as court-appointed co-lead counsel)*; Stockman v. Flotek Industries, Inc.*, Civil Case No. 4:09-cv-02526 (S.D. Tex.) (Holzer currently serving as court-appointed co-lead counsel)*; Nortel Networks Corp. Sec. Litig.*, Civil Case No. 1:09-cv-04691-SAS (S.D.N.Y.) (same); Rosenfeld Decl., Ex. D, E. Accordingly, the Court should approve Mr. Ströker's selection of Co-Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Ströker respectfully requests that the Court: (i) appoint him as Lead Plaintiff in the Action; (ii) approve his selection of Co-Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: February 8, 2010                    COUGHLIN STOIA GELLER
                                                          RUDMAN & ROBBINS LLP
                                                          SAMUEL H. RUDMAN
                                                          DAVID A. ROSENFELD

                                                               */s/ David A. Rosenfeld*
                                                          DAVID A. ROSENFELD

                                                     58 South Service Road, Suite 200
                                                     Melville, NY 11747
                                                     Telephone: 631/367-7100
                                                     631/367-1173 (fax)
                                                     srudman@csgrr.com
                                                     drosenfeld@csgrr.com

        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        PAUL J. GELLER
        DOUGLAS WILENS
        SABRINA E. TIRABASSI
        120 E. Palmetto Park Road, Suite 500
        Boca Raton, FL  33432-4809
        Telephone:  561/750-3000
        561/750-3364 (fax)
        pgeller@csgrr.com
        dwilens@csgrr.com
        stirabassi@csgrr.com

        [Proposed] Co-Lead Counsel for Plaintiffs

        HOLZER HOLZER & FISTEL, LLC
        MICHAEL I. FISTEL, JR.
        200 Ashford Center North, Suite 300
        Atlanta, GA  30338
        Telephone:  770/392-0090
        770/392-0029 (fax)
        mfistel@holzerlaw.com

        [Proposed] Co-Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                *s/ David A. Rosenfeld*
                DAVID A. ROSENFELD