UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
DAVID SGALAMBO, Individually           :
and on behalf of all others similarly  :
situated,                              :   Case No. 1:09-cv-10087 (SAS)
             Plaintiff,                :
                                       :
v.                                     :
                                       :
CRAIG MCKENZIE, LIEF SNETHUN,          :
MICHAEL E. COOLEN, GREGORY S.          :
NOVAL and LEIGH BILTON,                :
                                       :
             Defendants.               :
-------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALGINE M. PERRY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**

**I.     INTRODUCTION**

Proposed Lead Plaintiff Algine M. Perry (the "Perry") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (i) appointing Perry as Lead Plaintiff in this action on behalf of investors who purchased or otherwise acquired the common stock of Canadian Superior Energy, Inc. ("Canadian Superior" or the "Company") between January 14, 2008 and February 17, 2009 inclusive (the "Class Period") and (ii) approving Perry's selection of Izard Nobel LLP as Lead Counsel.

Perry's motion should be granted. The motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants. Furthermore, as shown below, Perry is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because she has the largest financial interest of any Lead Plaintiff movant in the relief sought by the proposed Class and otherwise meets the requirements of Fed. R. Civ. P. 23(a). Finally, Perry's selection of Izard Nobel LLP as Lead Counsel should be approved, as the firm has substantial experience prosecuting securities class action litigation.

## II. SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

This is a Class Action for violation of the federal securities laws on behalf of those who purchased the common stock of Canadian Superior during the Class Period and were damaged thereby. By his Complaint, Plaintiff alleged, *inter alia*, that certain officers and directors of Canadian Superior (collectively "defendants") violated Section 10(b) of the Act and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements.[1] Canadian Superior engages in the exploration for, acquisition, development, and production of petroleum and natural gas, and liquefied natural gas projects primarily in western Canada, offshore Nova Scotia, offshore Trinidad and Tobago, the United States, and North Africa.

The Complaint alleges that during the Class Period, defendants made false and misleading statements. Specifically, the Complaint charges that defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. On August 16, 2007, Canadian Superior and Challenger Energy jointly issued a press release

---

[1] The allegations are derived from the Complaint styled *Sgalambo v. Mckenzie, et al.*, 09-cv-10087 (SAS).

announcing that BG International Limited ("BG") entered into a farm-in agreement ("Farm-In Agreement") and joint operating agreement ("Joint Operating Agreement") with Canadian Superior to participate in the exploration drilling and development of the Intrepid Block 5(c) (the "Joint Venture").  The complaint alleges that defendants failed to disclose: (i) that the discovered reserves for Intrepid Block 5(c) were below the economic threshold for development; (ii) that Canadian Superior had notified BG of its intention to commence a corporate sale in November 2008 so that it could overcome the financial constraints that were preventing it from meeting its funding obligations under the Joint Operating Agreement; (iii) that Canadian Superior had violated the terms of the Joint Operating Agreement with BG, thus potentially endangering its interest in the Joint Venture; (iv) that Canadian Superior failed to timely pay Maersk, the drilling operator, and potentially other contractors, thereby jeopardizing the operation of the Joint Venture; and (v) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and earnings growth.

On February 12, 2009, Canadian Superior issued a press releasing announcing the "appointment, upon the application of BG of an interim Receiver of its participating interest in Intrepid Block 5(c). Pursuant to the Court Order, the Receiver, in conjunction with BG, will operate the property and conduct the flow testing of the Endeavour well which Canadian Superior believes will validate its operations to date."  In response this announcement, shares of the Company's stock fell $0.40 per share, or 44%, from a close of $0.90 per share on February 11, 2009, the last trading date before the announcement, to close at $0.50 per share on February 12, 2009.

On February 17, 2009, Canadian Superior announced that it had received a demand letter from the Canadian Western Bank for repayment of all amounts outstanding under Canadian Superior's $45 million credit facility with the bank by February 23, 2009. The Company also announced that it was in discussions with alternative lenders. On this news, shares of the Company's stock fell 30%.

### III.    PERRY SHOULD BE APPOINTED AS LEAD PLAINTIFF

#### A.    The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class period and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that --
>
> > (aa)    has either filed the complaint or made a motion in response to a

>   notice under subparagraph (A)(i);
>
>   (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). *See Glauser v. EVCI Career Colleges Holding Corp.,* 236 F.R.D. 184, 187 (S.D.N.Y. 2006); *Mitchell v. Complete Mgmt. Inc.,* No. 99 Civ. 1454 (DAB), 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17, 1999); *Koppel v. 4987 Corp,* 96 Civ. 7570 (RLC), 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999). The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

**B.**    **The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On December 9 2009, Coughlin Stoia Geller Rudman and Robbins LLP caused a notice to be published on *BusinessWire* that advised purchasers of Canadian Superior common stock of (i) the pendency of a securities class action against defendants, (ii) the claims asserted, (iii) the purported class period in that litigation and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period (by February 8, 2010) (the "Notice"). *Cf. Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-63 (D. Mass. 1996) *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. Labranche & Co., Inc.*, 229

F.R.D. 395, 403 (S.D.N.Y. 2004).[2]

    **C.**    **Perry Has The Largest Financial<br>Interest In The Relief Sought By The Class**

In this litigation, Perry has the "largest financial interest" within the meaning of 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). According to the information provided in the Certification of Named Plaintiff submitted by Perry (Kindall Declaration, Exhibit A), Perry sustained an estimated recoverable loss of approximately $170,319 as a result of Defendants' fraud.[3] Perry knows of no other class members who have sought to be Lead Plaintiff that possess a larger financial interest. Based on her significant losses, Perry will most effectively represent the interests of the Class.

    **D.**    **Perry Has Satisfied The Other Requirements Of The PSLRA**

Perry has satisfied each of the other requirements of the PSLRA. First, she has signed a certification, under oath, which:

    (i)    states that she has reviewed the Complaint;

    (ii)    states that she did not purchase the shares of Canadian Superior at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

    (iii)    states that she is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

    (iv)    sets forth all her transactions in the shares of Canadian Superior during the Class Period;

    (v)    states that she has not sought to serve, nor has she served, as a

---

[2] A copy of the Notice is attached as Exhibit B to the Kindall Declaration.

[3] Exhibit A to the Kindall Declaration shows that Perry purchased 100,000 shares of Canadian Superior during the Class Period for a total price of approximately $293,000.

                representative party on behalf of a class in any private federal securities action; and

    (vi)    states that she will not accept any payment for serving as a representative party on behalf of the class beyond her pro rata share of any recovery.

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi).

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class.[4] *See, e.g., Glauser,* 236 F.R.D. at 188-189; *Pirelli Armstrong Tire Corp. v. LaBranche & Co.,* 229 F.R.D. 395, 419-20 (S.D.N.Y. 2004); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 45-46 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.,* 2 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *The Ezra Charitable Trust v. Rent-Way, Inc.*, 136. F.Supp. 2d 435, 444 (W.D. Pa 2001).

The typicality requirement of Rule 23(a)(3), is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class

---

[4] Although there are two other requirements under Fed.R.Civ.P. 23(a) -- that the class be so numerous that joinder of all members is impracticable (Fed.R.Civ.P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed.R.Civ.P. 23(a)(2)) --"[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

members and proposed class representatives were injured by the same conduct. *See Rosini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). The adequacy requirement of Rule 23(a)(4) is satisfied when the proposed class representatives do not have interests antagonistic to the proposed class, and where the proposed class representatives have retained experienced and capable counsel. Here, Perry's claims are typical of those claims belonging to all Class members. Perry has been harmed by Defendants' allegedly false and misleading statements, as all Class members were. Further, Perry's interests are clearly aligned with those of the members of the Class, and there is no evidence of any antagonism between her interests and those of the Class. An examination of the pleadings filed in these actions and the purchase data submitted by Perry demonstrates that her claims are typical of the claims of the Class within the meaning of Rule 23(a)(3) and that she will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

Finally, Perry has already demonstrated that she will adequately represent the interests of the Class by obtaining qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that she is willing to assume the responsibilities of lead plaintiff and class representative.

**E.    The Court Should Approve Perry's Selection Of Lead Counsel**

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – "The Private Securities Litigation Reform Act

of 1995," 141 Cong. Rec. H13691-08, at H13700 (Daily Ed. Nov. 28, 1995).

The Court should approve Izard Nobel LLP as Perry's choice of Lead Counsel. Izard Nobel LLP has extensive experience in the area of securities class action litigation, as detailed in its firm resume (Kindall Declaration, Exhibit C). Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

## IV.  CONCLUSION

For the foregoing reasons, Perry respectfully requests that this Court appoint her to serve as Lead Plaintiff on behalf of the class and approve her selection of Izard Nobel LLP as Lead Counsel.

Dated: February 8, 2010                                   Respectfully submitted,

**IZARD NOBEL LLP**

By:   /s/ Mark P. Kindall
Mark P. Kindall (MK 8761)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
mkindall@izardnobel.com
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

Of Counsel:
Jeffrey S. Nobel
Nancy A. Kulesa
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
jnobel@izardnobel.com
nkulesa@izardnobel.com
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

CERTIFICATE OF SERVICE

  I hereby certify that on February 8, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing system will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ Mark P. Kindall
                Mark P. Kindall