UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SGALAMBO, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>       v.<br><br>CRAIG MCKENZIE, LEIF SNETHUN, MICHAEL E. COOLEN, GREGORY S. NOVAL and LEIGH BILTON,<br><br>                      Defendants. | No. 09-cv-10087-SAS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JAMES WOLF, III, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Proposed lead plaintiff James Wolf, III (hereinafter, "Movant"), respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and for approval of lead counsel.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the common stock of Canadian Superior Energy, Inc. ("Canadian Superior" or the "Company") between January 14, 2008 and February 17, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants in the pending complaint on file in this action are certain of the Company's former executive officers.[1] Canadian Superior engages in the exploration, acquisition, development and production of petroleum and natural gas, and liquefied natural gas (LNG) projects, primarily in western Canada, offshore Nova Scotia, offshore Trinidad and Tobago, the United States, and North Africa.

The complaint alleges that throughout the Class Period defendants knew or recklessly disregarded that their public statements concerning Canadian Superior's operations, finances, financial condition and present and future business prospects were materially false and misleading. Specifically, the defendants failed to indicate or disclose that: (i) the currently discovered reserves for the Company's "Intrepid Block 5(c)" natural gas exploration sites, situated off the coast of the island of Trinidad, were below the economic threshold for development or not economical to develop on their own; (ii) testing on the Company's "Victory" natural gas well indicated that there were only limited reserves connected to the well and, consequently, that the Victory well will likely be a sub-economic discovery; (iii) Canadian Superior had notified BG International Limited ("BG")

---

[1] Canadian Superior has not been named as a defendant because it sought protection under Canadian

1

-- its joint venturer in the exploration, drilling and development of Block 5(c) -- of Canadian Superior's intention to commence a corporate sale in November 2008 so that it could overcome its financial constraints that were preventing it from meeting its funding obligations under its Joint Operating Agreement with BG; (iv) Canadian Superior had violated the terms of the Joint Operating Agreement with BG, thus potentially endangering its interest in the joint venture; (v) Canadian Superior failed to timely pay A.P. Moller-Maersk A/S -- the drilling operator at Block 5(c) -- and potentially other contractors, thereby jeopardizing the operation of the joint venture; and (vi), as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and earnings growth.

On February 12, 2009, Canadian Superior issued a press release announcing that co-venturer BG obtained the appointment of a Receiver to operate the property and conduct flow testing; the Receiver could, pursuant to Court order, charge Canadian Superior's interest with up to $47 million in costs. Upon this news, shares of the Company's stock fell 44% on heavy trading. Then, on February 17, 2009, the Company issued a press release announcing that it had received a demand letter from the Canadian Western Bank for repayment of all amounts outstanding under Canadian Superior's $45 million credit facility with the bank by February 23, 2009. The Company also announced that it was in discussions with alternative lenders. In response, shares of the Company's stock fell $0.16 per share, or 30%, from a close of $0.54 per share on February 13, 2009, the last trading date before the announcement, to close at $0.38 per share, on extremely heavy trading.

## II.     PROCEDURAL HISTORY

Plaintiff David Sgalambo commenced the instant action on December 9, 2009. The same

---

bankruptcy and reorganization laws and has since reorganized.

day, counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire*, a widely circulated national business-oriented wire service. *See* Declaration of Robin B. Howald In Support of Motion of James Wolf, III, For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Howald Declaration") at Exhibit A.

Movant brings the instant motion pursuant to the *Sgalambo* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the December 9, 2009, notice.

### III.  ARGUMENT

#### A.  James Wolf, III, Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice... ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

3

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate" plaintiff for the Class.

### 1.     Movant Is Making A Motion In Response To A Notice

On December 9, 2009, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff David Sgalambo published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Canadian Superior common stock that they had until February 8, 2010, to file a motion to be appointed as lead plaintiff.

Movant James Wolf, III, files the instant motion pursuant to plaintiff David Sgalambo's published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Howald Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2.     Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004).  As is demonstrated herein, Movant believes that he has the largest known financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

---

[2] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

During the Class Period, Movant purchased 40,000 shares of Canadian Superior at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions, and as result, Movant has suffered financial losses of $84,940.00. *See* Howald Declaration, Exhibit C. Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff and, consequently, believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3.   Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999). Courts thus limit

their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Party City*, 189 F.R.D. at 106 (" 'A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.' ") (quoting *Fischler v. Amsouth Bancorporation*, 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997) and *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

###### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)(citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and prospects of Canadian Superior. Movant, like all of the members of the Class, purchased Canadian Superior stock at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

###### b. Movant Is An Adequate Representative

6

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between Movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001). Here, Movant has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is " 'willing' and able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Movant has communicated with counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the class. Movant also sustained substantial financial losses from his investments in Canadian Superior stock and is, therefore, extremely motivated to pursue the claims in this action. *See* Howald Declaration, Exhibit C.

**4.     James Wolf, III, Is Presumptively The Most Adequate Lead Plaintiff**

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses -- in excess of $84,000 -- and believes that he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of

Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, James Wolf, III, is presumptively the most adequate lead plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### B.    The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Howald Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

///

### IV.  CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing James Wolf, III, as lead plaintiff, and (b) approving his choice of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  February 8, 2010

**GLANCY BINKOW & GOLDBERG LLP**

By:   /s/ *Robin B. Howald*
 Robin B. Howald
1430 Broadway, Suite 1603
New York, NY 10018
Tel: (212) 382-2221
Fax: (212) 382-3944

-and-

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Attorneys for Movant
and Proposed Lead Counsel*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Attorneys for Movant*